UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN BAUMGAERTEL,<br><br>        Plaintiff,<br><br>   vs.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | 1:13-cv-00636-AWI-GSA-PC<br><br>ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41 (Doc. 5.)<br><br>ORDER DISMISSING ACTION IN ITS ENTIRETY WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK TO CLOSE FILE |

      David Allen Baumgaertel ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2013, Thomas Goolsby and four co-plaintiffs including David Allen Baumgaertel, filed a Complaint commencing a civil rights action, case 1:13-cv-00119-GSA-PC, Goolsby v. Cate. (See Doc. 1.) On May 2, 2013, the court severed the plaintiffs' claims and opened four new cases, one for each of the four co-plaintiffs. (Doc. 2.) Plaintiff David Allen Baumgaertel is now the sole plaintiff in this action.

      On June 13, 2013, Plaintiff filed a motion to dismiss this action under Rule 41(a)(1). (Doc. 5.) The Court construes the motion to dismiss as a notice of voluntary dismissal.

      In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534

(9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment.  The dismissal is effective on filing and no court order is required.  Id.  The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.  Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  Concha, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants.  Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal leaves the parties as though no action had been brought.  Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).  No defendant has filed an answer or motion for summary judgment in this action.  Therefore, this case has automatically terminated.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss is construed as a voluntary dismissal;

2. This action is DISMISSED in its entirety without prejudice; and

3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   June 19, 2013                              _____
                                                    SENIOR  DISTRICT  JUDGE